585 A.2d 517

**COMMONWEALTH of Pennsylvania**

v.

**Renee WELCH a/k/a Allyson Renee Welch, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 17, 1990.

Filed Jan. 23, 1991.

Shelley Stark, Public Defender, Pittsburgh, for appellant.

James R. Gilmore, Asst. Dist. Atty., Pittsburgh, for Comm., appellee.

Before OLSZEWSKI, KELLY and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from a judgment of sentence imposed upon appellant after she was convicted on drug charges. Appellant raises eight issues for our consideration including an argument that it was error to allow testimony regarding the appellant's refusal to allow a search of her room without a warrant. Because we find this issue meritorious we vacate the judgment of sentence and remand for a new trial.

Briefly stated, the facts as they were related at trial and not seriously disputed are: in response to a radio message that an individual named Renee Welch was selling drugs from a certain address, the police went to the described address and knocked on the door. At that time the police spoke with appellant's mother and stepfather about the nature of the visit. Upon learning that the police suspected their daughter of selling drugs they inquired where the information came from. The police checked with the station and were told that there had been a call from appellant's brother, who also lived at the same address, implicating appellant. Upon hearing this appellant's stepfather called appellant's brother down from upstairs and confronted him

with this information. At first the brother denied making the call but he then admitted it and went on to describe facts implicating appellant in drug selling activity. Appellant was then called downstairs and also confronted with the allegations which she denied. At that point, it was suggested by someone that if the allegations were false then she ought to allow the police to inspect her room. Appellant refused indicating that she would not allow a warrantless search of her bedroom.

Additional discussions took place during which appellant's nephew came down the steps from the floor containing appellant's bedroom. Appellant's brother then chased the nephew down the steps and yelled "stop him, he's got the drugs" at which time several balloons later found to contain narcotics fell from the nephew's shirt. In response to finding these balloons the nephew was instructed by appellant's mother to take the police upstairs and show them where he got them from. Eventually a search warrant was obtained at which time additional evidence was seized. At trial, one of the officers began testifying to the events as they transpired. As the officer began testifying to appellant's comments regarding searching her room, an objection was lodged and a sidebar discussion ensued. After hearing arguments of both counsel the officer was allowed to continue testifying at which time the appellant's refusal to allow a search absent a warrant was related.

█ Appellant argues that it was error to allow testimony regarding her refusal of a search of her bedroom in the absence of a warrant. Counsel made such an argument and in addition to arguing that it was improper to have her refusal used against her, counsel also indicated that the prejudice would greatly outweigh any probative value. We are inclined to agree that it was error to allow such questioning.

It is asserted by appellant's counsel that research of this issue has revealed no cases where the specific issue before us has been decided. Because we believe this issue is analogous in significant respects to the invocation of one's

right to silence, we rely upon the cases discussing this issue.

In *Commonwealth v. Haideman,* 449 Pa. 367, 296 A.2d 765 (1972), our Supreme Court held that it was reversible error to admit evidence of an accused's request for counsel and silence at arrest. At the time *Haideman* was decided it was the more prominent view that such evidence was an impermissible impairment upon one's Fifth Amendment right against self incrimination. For instance, in *Fowle v. United States,* 410 F.2d 48 (9th Cir.1969), the Ninth Circuit Court of Appeals stated,

> We simply cannot adopt an interpretation of the Fifth Amendment under which one exercising his right to remain silent upon and immediately after his arrest—a right which the Supreme Court has so earnestly sought to guarantee and preserve—is severely prejudiced by his recourse to that cherished right. It would be anomalous indeed if honorable law enforcement officers were required to elaborate upon the traditional fifth amendment warning and advise arrested persons, in effect: If you say anything it may be used against you. You have the constitutional right to remain silent, but if you exercise it, that fact may be used against you.

The Seventh Circuit Court of Appeals made similar observations stating, "[t]he testimony elicited here could well have led the jury to infer guilt from defendant's refusal to make the statement. We think exercise of a constitutional privilege should not incur this penalty." *United States v. Kroslack,* 426 F.2d 1129, 1130–31 (7th Cir.1970). Although in the present case we are dealing with an assertion of a different constitutional right, the freedom from warrantless searches, we feel the same reasoning must apply to the assertion of that right.

As we read the various comments made by the courts regarding the assertion of one's Fifth Amendment right, the overriding tone is that it is philosophically repugnant to the extension of constitutional rights that assertion of that right be somehow used against the individual asserting it.

Although the cases have discussed the Fifth Amendment right we see no reason to treat one's assertion of a Fourth Amendment right any differently. It would seem just as illogical to extend protections against unreasonable searches and seizures, including the obtaining of a warrant prior to implementing a search, and to also recognize an individual's right to refuse a warrantless search, yet allow testimony regarding such an assertion of that right at trial in a manner suggesting that it is indicative of one's guilt. To allow such testimony essentially puts the individual in the same kind of no win situation that would exist if the above outlined decisions were to the contrary. With respect to the Fifth Amendment, one would be forced to choose between speaking after arrest at the expense of possibly incriminating himself, or refusing to speak and having this fact brought up at trial, thereby inferentially incriminating himself. With respect to a search, one would have to choose between allowing a search of one's possessions, or having the refusal be construed as evidence that one was hiding something. To the extent an assertion of such a right will often be construed by the lay juror as an indication of a guilty conscience, allowing testimony of the assertion of the right will essentially vitiate any benefit conferred by the extension of the right in the first instance, thus, rendering the right illusory.

The Commonwealth argues that the cases regarding the Fifth Amendment right of silence should not be applied analogously to the present case as the Fourth Amendment right is not an absolute one, but only a qualified one. The argument continues asserting that one has an absolute privilege of silence but not an absolute right not to be searched. We find this argument unavailing. Although one may not have an absolute right not to be searched the guarantee of the Fourth Amendment is no less absolute. It protects one from unreasonable searches and seizure. This protection is just as absolute as the right to remain silent, although it may require more case-by-case definition or exposition. However, even the Fifth Amendment has re-

quired much development by caselaw and has several nuances. For instance, the amendment itself does not indicate one can invoke the right at the time of arrest and at any point thereafter, rather, this premise has been developed through caselaw. Similarly, the per se unreasonableness of warrantless searches, absent certain policy exceptions, has been firmly ensconced in our constitutional caselaw history.

Although certain occasions may develop where a warrantless search is allowable, the general proposition that a warrant is necessary still prevails and, we think, is as absolute as the right to remain silent. In any event, we think this argument is very misguided. The point of significance is that one should not be penalized for *asserting* a constitutional right. It is the assertion of a right that we must focus on. We believe that the assertion of a right cannot be used to infer the presence of a guilty conscience. Thus, the actual entitlement to the right could be thought of as irrelevant to the point we are discussing. We would think that the same reasoning would apply even if the individual asserting the right had a mistaken belief that they were protected by a constitutional provision or were extended a right or protection when, in fact, they were not. The integrity of a constitutional protection simply cannot be preserved if the invocation or assertion of the right can be used as evidence suggesting guilt.

 Regardless of whether such testimony is inconsistent with the constitutional protection we would find an abuse of discretion in allowing the evidence in any event. It is hornbook law that evidence will be considered inadmissible if its prejudicial effect outweighs its probative value. We do not think that a refusal to allow police to search one's bedroom without first producing a warrant is probative of the fact the items the police suspect are present are actually present. There are many personal reasons that an individual would not wish to have the police searching through their room. Indeed, if the police suddenly appeared at someone's door and indicated they wanted to

search their bedroom, we would think that the average citizen would protest. In fact, anyone with a sense of privacy would likely object. Thus, one cannot necessarily assume the refusal is based upon the fact that one is attempting to prevent the discovery of incriminating evidence. However, apparently all involved in the present case agree that a jury is likely to infer this fact from the refusal. Indeed, the Commonwealth seems to argue that this is inferable from the refusal. The district attorney states in the brief presented to this court "the inference that appellant was hiding something was the superseding basis for relevancy grounds to show appellant's scienter." Commonwealth's brief, at page 66. As the Fifth Circuit Court of Appeals argued, "[w]e would be naive if we failed to recognize that most laymen view an assertion of the Fifth Amendment privilege as a badge of guilt." *Walker v. United States,* 404 F.2d 900, 903 (5th Cir.1968). We believe the same effect would follow from one's refusal to allow a search of one's residence or possessions. Thus, the trial court should have prevented this line of questioning when a timely objection was made.

For the above reasons we believe it was reversible error to allow the testimony regarding appellant's refusal to consent to a search in the absence of a warrant. Therefore, we vacate the judgment of sentence and remand for a new trial.

Judgment of sentence vacated, remanded for a new trial. Jurisdiction is relinquished.

KELLY, J., concurs in the result.