COMMONWEALTH of Pennsylvania,
Appellee,

v.

Dennis DUGAN, Appellant.

Superior Court of Pennsylvania.

Submitted April 5, 2004.

Filed July 20, 2004.

Burton A. Rose, Philadelphia, for appellant.

George M. Green, Asst. Dist. Atty., Media, for Com., appellee.

BEFORE: DEL SOLE, P.J.; GANTMAN and OLSZEWSKI, JJ.

OPINION BY OLSZEWSKI, J.:

¶ 1 This is an appeal from the trial court's denial of a petition for post-conviction relief. The brief facts of this case, as set forth by this Court in an earlier appeal, are as follows.

At approximately 8:00 p.m. on a Saturday evening, Officer Kenneth Massey observed Appellant driving a maroon Dodge pick-up truck. Officer Massey knew that Appellant's driver's license had been suspended. He turned his vehicle around in an attempt to catch up to Appellant without engaging his overhead lights. Officer Massey saw Appellant enter the parking lot next to 3106 Bethel Road and park the truck. Officer Massey pulled up behind Appellant as Appellant exited the truck. The officer told Appellant he stopped him because his license was suspended. When Officer Massey asked for the vehicle registration and insurance information, Appellant told him he had bor-

rowed the truck to move. Appellant retrieved some paperwork from the truck and stood at the rear of the truck looking through these papers. He then entered the home at 3106 Bethel Road to attempt to obtain the requested information. At some time after Appellant returned to the truck, Officer Massey observed a fanny pack on the truck's dashboard. He asked Appellant if there was a gun in the fanny pack. Appellant then opened the fanny pack and showed it to Officer Massey, who observed rolling papers inside. He then asked Appellant if he could look inside. Appellant handed the fanny pack to Officer Massey and told the officer that there was a little bit of marijuana inside it. Appellant was very cooperative through this exchange.

Richard Hudome then came out of the home at 3106 Bethel Road and identified himself to the officer as the owner of the truck. He informed Officer Massey that Appellant had borrowed the truck for a couple of days to move things out of his home. Appellant agreed with Hudome's statement. Officer Massey asked Mr. Hudome if he would consent to a search of the truck. [Officer Massey] stated that he would obtain a search warrant if Mr. Hudome did not consent. Although Officer Massey's question was directed to Mr. Hudome, Appellant stated "You better get a search warrant." Appellant was then arrested and the truck was towed to the police station. Officer Massey then obtained a search warrant. Behind the passenger seat, the officer found 84.4 grams of methamphetamine, 35 Valium pills, and a portable scale and adapter. The officer also found Appellant's personal checkbook in the truck.

*Commonwealth v. Dugan*, No. 2346 EDA 2000, unpublished memorandum at 1–3,

782 A.2d 1053 (Pa.Super. filed July 23, 2001).

¶ 2 Appellant was charged with knowingly and intentionally possessing controlled substances. A jury found appellant guilty. It is appellant's belief that the Commonwealth proved the element of knowledge with appellant's statement to Officer Massey that the officer should obtain a search warrant before searching the truck. Appellant filed an appeal arguing that his trial counsel was ineffective for "failing to object to or move to suppress appellant's statement that the officer should get a search warrant." *Id.* at 3. The argument raised in appellant's brief was that the statement should have been suppressed because appellant had not been advised of his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In his reply brief, however, appellate counsel argued that trial counsel was ineffective for failing to raise an objection to the introduction of the statement "you better get a search warrant" as an invocation of a constitutional right. In a memorandum, we held that trial counsel was not ineffective for failing to raise the *Miranda* issue, *Id.* at 6, and that the issue regarding appellant's invocation of a constitutional right was waived because it had not been raised until appellant filed his reply brief. *Id.* at 6, n. 3.

¶ 3 Appellant filed a timely petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. 9541, *et seq.,* alleging ineffective assistance of trial counsel for failing to object to the introduction of the statement as an invocation of a constitutional right, and alleging ineffective assistance of appellate counsel for failing to raise the invocation issue in a proper manner on appeal. The PCRA court conducted a hearing, and the parties stipulated that trial counsel did not raise the invocation issue because he did not detect the

issue until closing arguments. The parties also stipulated that appellate counsel believed that he had properly preserved the invocation issue on appeal and that he did not agree with this Court's assessment that the issue had been waived. Following the hearing, the PCRA court dismissed appellant's petition. This appeal followed.

 ¶ 4 Our standard of review of an order that denies post-conviction relief is well settled. An order denying post-conviction relief is reviewed for a determination of "whether the evidence of record supports the determination of the PCRA court and whether the ruling is free from legal error." *Commonwealth v. Ballard,* 814 A.2d 1242, 1244 (Pa.Super.2003). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Carr,* 768 A.2d 1164, 1166 (Pa.Super.2001).

 ¶ 5 To prevail on a claim of ineffective assistance of counsel, appellant must show (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and, (3) that appellant was prejudiced as a result. *Commonwealth v. Hague,* 840 A.2d 1018, 1019 (Pa.Super.2003). In this case, it is clear that neither trial nor appellate counsel had a strategic basis for their inactions. We review this case to determine whether appellant's claim is of arguable merit and whether he was prejudiced as a result. We begin with an analysis of appellant's statement that the officer should obtain a search warrant.

 ¶ 6 The PCRA court held that appellant did not have the right to refuse consent to search the truck because the court believed that appellant was attempting to assert Mr. Hudome's constitutional right to refuse consent. Appellant argues

that he was asserting his own constitutional right because appellant also had an expectation of privacy in the truck at the time the request for a search was made. The undisputed testimony was that appellant borrowed Mr. Hudome's truck with Hudome's consent; appellant had possession of the truck for at least two days when appellant was stopped by Massey; appellant was the only occupant of the truck; appellant pulled off the highway only after Massey had begun following appellant; when appellant exited the truck, he did not walk to Hudome's house, rather, appellant walked directly to the rear of the truck to confront Massey. Further, there was no evidence that appellant was returning the truck to Hudome when appellant was stopped by Massey. The Commonwealth even stated in its brief that appellant was *apparently* returning the truck to Mr. Hudome. *See* Appellee's Brief at 9.

¶ 7 We find that at the time of the stop, appellant had a reasonable expectation of privacy in the contents of the truck. Even if appellant was proceeding to Hudome's house to return the truck at the time of the stop, appellant had not relinquished possession at the time of the stop. When Massey asked for the vehicle registration, appellant acknowledged that he was not the owner of the truck, but appellant did look through the papers in the truck searching for the registration. It was only after appellant could not find the registration that he approached Hudome's house and Hudome appeared on the scene. There is no testimony showing that appellant transferred possession of the truck to Hudome at that point in time. Appellant continued to have an expectation of privacy in the truck when Massey asked Hudome for consent to search the truck. We find it irrelevant that the request for consent was directed to Mr. Hudome. Appellant was present when the request was made, and he was entitled to assert his constitutional right.

¶ 8 While we have belabored the issue of appellant's actual expectation of privacy in the truck, it is not crucial to our decision. This Court has previously stated that

> The point of significance is that one should not be penalized for *asserting* a constitutional right. It is the assertion of a right that we must focus on. We believe that the assertion of a right cannot be used to infer the presence of a guilty conscience. Thus, the *actual entitlement to the right could be thought of as irrelevant* to the point we are discussing. We would think that the same reasoning would apply even if the individual asserting the right had a mistaken belief that they were protected by a constitutional provision or were extended a right or protection when, in fact, they were not. The integrity of a constitutional protection simply cannot be preserved if the invocation or assertion of the right can be used as evidence suggesting guilt.

*Commonwealth v. Welch,* 401 Pa.Super. 393, 585 A.2d 517, 520 (1991) (emphasis added). The rights granted to us by the Constitution of this Commonwealth and of the United States are fundamental to our criminal justice system. An individual must be free to assert his or her constitutional rights without fear that he or she will be penalized by having that assertion considered as evidence of guilt. In this case, the Commonwealth's use of appellant's request for a search warrant was improper regardless of whether appellant's expectation of privacy was reasonable.

¶ 9 The PCRA court held that regardless of appellant's right to refuse consent of the search, that "invocation of a constitutional right was brief and isolated"

and was therefore permitted. PCRA Court Opinion, 12/22/2003 at 13. For the following reasons, we disagree with the PCRA court's rationale. The PCRA court held that appellant's statement was not used as direct evidence against appellant. Rather, the PCRA court adopted the Commonwealth's claim that the evidence that appellant knew the drugs were in the truck was appellant's change in demeanor when Massey requested permission to search the truck. Massey testified that from the time of the stop until the time Massey requested permission to conduct a search, the appellant had been very cooperative. When Massey asked if he could search the truck, appellant became very uncooperative. To demonstrate that appellant had become uncooperative, Massey testified that appellant said "you had better get a search warrant" when Massey asked for consent to search the truck. In its closing statement, the Commonwealth argued that this change in demeanor demonstrated that appellant knew that drugs were in the truck. Following this rationale, the PCRA court upheld the use of the statement against appellant. We, however, are not persuaded by this rationale. The Commonwealth attempted to prove its case not only with Massey's impression that appellant's demeanor had changed, but also with appellant's request for a search warrant so that the jury could draw its own conclusion that appellant's demeanor had changed. This Court stated in *Commonwealth v. Tillery*, 417 Pa.Super. 26, 611 A.2d 1245 (1992), "[i]nvocation of a constitutional right should not *under any circumstances* be used as evidence of guilt as it erases the very guarantees our constitution is designed to protect." *Id.* at 1250 (emphasis added). "Under any circumstances" includes the Commonwealth's use of appellant's statement as corroborating evidence that appellant's demeanor had changed when Massey wanted to search the truck.

¶ 10 Use of appellant's invocation of a constitutional right was clearly prejudicial. The remaining evidence to support appellant's knowledge that drugs were in the truck consisted of expert testimony from a police officer that he believed appellant's behavior (driving a borrowed vehicle and volunteering information that he was in possession of a small amount of marijuana) was typical of someone knowingly transporting drugs for sale. The implications of appellant's request for a search warrant were clearly prejudicial to appellant, and we find that use of appellant's statement to obtain a search warrant "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a).

¶ 11 Order dismissing PCRA petition REVERSED. Case REMANDED for a new trial. Jurisdiction relinquished.