J-A27020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
   :   PENNSYLVANIA
        Appellee   :
   :
      v.   :
   :
PATRICK CHURILLA,   :
   :
        Appellant   :   No. 1218 WDA 2011

Appeal from the Order Entered July 14, 2011,
In the Court of Common Pleas of Allegheny County,
Criminal Division, at Nos. CP-02-CR-0012399-1992 and
CP-02-CR-0015417-1992.

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:        **FILED DECEMBER 09, 2014**

Appellant, Patrick Churilla, appeals from the order of the PCRA court that reinstated his direct appeal rights. After careful review, we quash Appellant's direct appeal and remand for proceedings consistent with this memorandum.

We summarize the protracted history of this case as follows. In 1992, while incarcerated on unrelated charges, Appellant confessed to the 1990 murder, robbery, and attempted rape of a woman in the Lawrenceville section of Pittsburgh. On one criminal information, Appellant was charged with homicide. On a second criminal information, Appellant was charged with robbery, indecent assault, and criminal attempt to commit rape. Because the illegal conduct charged constituted a single criminal episode,

the two criminal informations were joined for trial. On November 1, 1993, a jury convicted Appellant of first-degree murder, and he received a sentence of life imprisonment. Also, on that date, the jury convicted Appellant of all of the charges on the second criminal information. However, sentencing on the non-homicide convictions was deferred, pending the preparation of a presentence report, and scheduled for December 13, 1993.[1] However, both the Commonwealth and Appellant agree that sentencing on the convictions contained in the second criminal information did not occur on December 13, 1993, or on any other date. On April 27, 1994, Appellant filed mandatory post-verdict motions, which the trial court never addressed.

In June of 2008, Appellant began filing *pro se* motions, which the trial court treated as PCRA petitions, and appointed PCRA counsel. Eventually, in May of 2011, appointed counsel filed an amended PCRA petition and a second amended PCRA petition. The Commonwealth responded that Appellant's judgment of sentence was not final, that Appellant should be formally sentenced, and that his appellate rights should be reinstated. On July 14, 2011, although never having sentenced Appellant on the convictions pertaining to the second criminal information, the PCRA court entered an order reinstating Appellant's direct appeal rights. This appeal followed.

Appellant presents the following issues for our review:

---

[1] In addition, the record indicates that the trial court may have permitted Appellant additional time to file "post-verdict" motions.

1. Whether this Honorable Court has jurisdiction to entertain a direct appeal when the appeal was premature because Appellant was never sentenced as to the non-homicide charges and the trial court never ruled upon the post-verdict motions?

2. Whether there was sufficient evidence to prove the crime of robbery when Appellant strangled the Victim to death and attempted to rape her and, as an afterthought, stole the Victim's money?

3. Whether the trial court erred in failing to suppress Appellant's statements to correction officers when Appellant was in custody and being interrogated but was not given *Miranda* warnings?

Appellant's Brief at 5.

Initially, we must address the jurisdiction of this Court to address this direct appeal. We observe that the PCRA provides petitioners with a means of collateral review, but has no applicability until the judgment of sentence becomes final. ***Commonwealth v. Kubis***, 808 A.2d 196, 198 n.4 (Pa. Super. 2002). Moreover, in criminal cases, direct appeals must be taken from the entry of a final judgment of sentence. ***Commonwealth v. Tillery***, 611 A.2d 1245, 1247 (Pa. Super. 1992). ***See also Commonwealth v. O'Neill***, 578 A.2d 1334, 1335 (Pa. Super. 1990) (explaining that in criminal cases, appeals lie from judgment of sentence rather than from the verdict of guilt); ***Commonwealth v. Pollick***, 215 A.2d 904, 905 (Pa. 1966) (explaining the longstanding principle that "as a general rule the defendant in a criminal case may appeal only from the judgment of sentence").

In ***Commonwealth v. Gumpert***, 512 A.2d 699 (Pa. Super. 1986), we explained this concept as follows:

> there exists a long standing rule that parties must wait until a final decision is rendered, after which they may air their grievances in a single orderly appeal. In the criminal context, it is the judgment of sentence which marks the completion of the trial court proceedings, and accordingly (with certain carefully delineated exceptions), a judgment of sentence is a prerequisite to appealability.

***Id***. at 700 (citations omitted). Thus, when an appeal is taken prior to the entry of the judgment of sentence amounting to the final order, the appeal must be quashed. ***Commonwealth v. Griffin***, 539 A.2d 1372 (Pa. Super. 1988). ***See also Commonwealth v. Oliver***, 454 A.2d 1128, 1129 (Pa. Super. 1983) (quashing appeal without prejudice where a final judgment of sentence was not imposed).

Our review of the record reflects that on November 1, 1993, at the conclusion of a jury trial, Appellant was convicted of first degree murder, robbery, indecent assault, and criminal attempt of rape. N.T., 10/28-11/1/1993, at 290, 293. Also on that date, the record reflects that the trial court sentenced Appellant only on the murder conviction. ***Id***. at 296; Docket Entry Number 17. Our further review of the certified record indicates, as conceded by the Commonwealth, that the trial court has never sentenced Appellant on the remaining non-homicide convictions. Therefore, because there has not been a judgment of sentence as to all of Appellant's

convictions, the judgment of sentence is not final. Accordingly, we lack jurisdiction to address this direct appeal, and we are constrained to quash this appeal and remand for the imposition of a judgment of sentence as to the remaining convictions.

In addition, we are mindful that post-verdict motions must be decided before sentencing. *Commonwealth v. Williams*, 434 A.2d 179, 180 n.4 (Pa. Super. 1981). Here, our review of the record reveals that Appellant filed post-verdict motions, albeit beyond the date permitted under then-applicable Pennsylvania Rule of Criminal Procedure 1123 (addressing post-verdict motions and the ten-day filing period). Specifically, the certified record reflects that Appellant filed his post-verdict motions on April 27, 1994, which was beyond the ten-day filing period permitted by the rule then applicable. However, the trial court has never disposed of the post-verdict motions filed by Appellant. Further complicating the matter is an indication in the certified record that the trial court intended to grant Appellant additional time in which to file his post-verdict motions. N.T., 10/28-11/1/1993, at 297. As the Commonwealth concedes in its brief to this Court, "a fair reading of the transcript indicates that the trial judge may well have intended to allow [A]ppellant's counsel additional time within which to file [post-verdict motions]." Commonwealth's Brief at 22. Indeed, as the Commonwealth admits, "it is a fair inference that [the trial judge] intended

to communicate to [A]ppellant's counsel that [counsel] was being granted additional time to file [post-verdict motions]. Moreover, the record contains no indication that the [trial] court ever set a specific deadline for the filing [of post-verdict motions]." ***Id***. at 23. Hence, upon remand, the trial court shall dispose of Appellant's post-verdict motions prior to imposing judgment of sentence on the remaining convictions.

Appeal quashed. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2014