J-S62001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL WILLIAM BEATTY, | |
| Appellant | No. 1240 WDA 2014 |

Appeal from the PCRA Order July 23, 2014
in the Court of Common Pleas of Venango County
Criminal Division at No.: CP-61-CR-0000666-2010

BEFORE:  GANTMAN, P.J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 1, 2015**

Appellant appeals *pro se* from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1]  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant purports to appeal from the June 30, 2014 order notifying him of the court's intent to deny his PCRA petition.  (**See** Notice of Appeal, 7/21/14).  However, the appeal properly lies from the final order denying the petition.  **See Commonwealth v. Harris**, 32 A.3d 243, 248 (Pa. 2011); **see also** Pa.R.A.P. 341(a).  In spite of the premature filing, we may review this matter because a final order has been entered.  **See Commonwealth v. Tillery**, 611 A.2d 1245, 1247 (Pa. Super. 1992), *appeal denied*, 616 A.2d 984 (Pa. 1992) (reviewing premature appeal where final order entered thereafter); **see also** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").  We have amended the caption accordingly.

On August 16, 2011, a jury convicted Appellant of rape of a child, indecent assault of a child under thirteen years of age, endangering the welfare of a child, and corruption of minors.[2]  On January 5, 2012, the court sentenced Appellant to an aggregate term of not less than fifteen nor more than thirty years' incarceration.  On June 12, 2012, the court denied Appellant's post-sentence motion.  This Court affirmed his judgment of sentence on October 28, 2013.  (**See Commonwealth v. Beatty**, 87 A.3d 895 (Pa. Super. 2013) (unpublished memorandum)).  Appellant did not file a petition for allowance of appeal with our Supreme Court.

On January 22, 2014, Appellant filed a *pro se* first PCRA petition. Appointed counsel filed a **Turner**/**Finley**[3] no merit letter and motion to withdraw as counsel on February 27, 2014.  On June 30, 2014, the PCRA court granted counsel's motion to withdraw and provided notice to Appellant of its intent to dismiss the PCRA petition.  **See** Pa.R.Crim.P. 907.  On July 21, 2014, Appellant filed a premature notice of appeal.  On July 23, 2014, the PCRA court dismissed Appellant's petition and ordered him to file a statement of errors complained of on appeal.  **See** Pa.R.A.P. 1925(b).  On September 12, 2014, the court filed a Rule 1925(a) opinion in which it noted

_____

[2] 18 Pa.C.S.A. §§ 3121(c), 3126(a)(7), 4304(a)(1)(b), and 6301(a)(1), respectively.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

that Appellant failed to file a Rule 1925(b) statement. (**See** PCRA Court Opinion, 9/12/14, at 1); **see also** Pa.R.A.P. 1925(a).[4]

Appellant raises one issue for this Court's review: "Did [PCRA] [c]ourt error (sic) by applying (sic) the Appellant had no merit?" (Appellant's Brief, at unnumbered page 5). Appellant's issue is waived.

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements[.] . . . We yet again repeat the principle . . . that must be applied here: [I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived.

**Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011) (citation and quotation marks omitted); **see also Commonwealth v. Elia**, 83 A.3d 254, 263 (Pa. Super. 2013), *appeal denied*, 94 A.3d 1007 (Pa. 2014) (waiving and declining to review Appellant's claim for failure to include it in Rule 1925(b) statement).

_____

[4] On August 10, 2015, the Commonwealth filed a motion to dismiss the appeal, which this Court denied *per curiam* without prejudice to the Commonwealth's raising of the issue before the merits panel.

Here, Appellant failed to file a court-ordered Rule 1925(b) statement. It has long been recognized that, "[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Commonwealth v. Postie***, 110 A.3d 1034, 1041 n.8 (Pa. Super. 2015) (citation omitted). Therefore, because Appellant failed to file a Rule 1925(b) statement, his issue is waived.[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/01/2015

_____

[5] Moreover, even if we were permitted to review Appellant's arguments, to the extent we can decipher them, they would not merit relief. Specifically, Appellant waived some of them when he waived his right to challenge the effectiveness of counsel in a PCRA petition, some are not cognizable PCRA challenges that should have been raised in a direct appeal, and others just lack merit. (***See*** Appellant's Brief, at unnumbered pages 6-16; Amended Argument, at 1-17). Therefore, even if we were to conduct a full review, Appellant's claims would not merit relief.