J-S80043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES WALKER | : | |
| | : | |
| Appellant | : | No. 3858 EDA 2017 |

Appeal from the Judgment of Sentence July 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003253-2016

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED MARCH 29, 2019**

Appellant Charles Walker appeals from the judgment of sentence imposed following his convictions for criminal conspiracy, burglary, and theft by unlawful taking or disposition.[1]  Appellant challenges the sufficiency of the evidence supporting his convictions.  We affirm.

The trial court summarized the relevant facts of this case as follows:

On March 2, 2016, the apartment of Ms. Alicia Green, the complainant herein, was burglarized while she was at work.  Over $3,000 in personal items[, including jewelry and a laptop computer,] were taken during the commission of the crime.[fn2]  The apartment building had a working video recording system and upon viewing it police observed two men, one of whom was later identified as [Appellant], entering the apartment building shortly after 1:00 p.m.  Neither [Appellant] nor the other male resided in the building and neither of them was carrying anything when they entered the property.

_____

[1] 18 Pa.C.S. §§ 903, 3502(a)(2), and 3921(a), respectively.

[fn2] None of Ms. Green's personal items were returned to her and she did not give anyone permission to enter her apartment on the day of the burglary.

The video recording showed that approximately twenty minutes later, [Appellant] and the other male exited the building. [Appellant's cohort was carrying an unidentified bag that appeared to be filled with items. Appellant was] carrying a large bag belong[ing] to the complainant when they left the property. Police thereafter placed the video on YouTube and Mr. Edward Pyzia, a government employee, informed the police that [Appellant] was one of the two males seen in the video. Police then confirmed that one of the person[s] in the video was [Appellant] and on March 16, 2016, police apprehended him. At the time of his arrest, he was wearing a jacket that matched the one he was wearing on the day of the incident.

Trial Ct. Op., 4/2/18, at 1-2.

At trial, the victim viewed the surveillance video on direct examination and identified the bag carried by Appellant:

Q. Ms. Green, you're seeing one male walk out and a second male. I want you to focus on that bag and tell me—well, at some point with the detectives, you were able to view this video with your glasses, correct?

A. Yeah.

Q. Okay. And did you recognize that bag?

A. Yeah. It was a gift bag that was about this large in size that had white, green and red stripes on it. It used to have kind of a 3-D like portion of it that said happy birthday, but it was ripped off. And that was one of the bags.

And the other bag [carried by Appellant's cohort], I think, was a Trader Joe's bag. It was like a paper bag.

Q. In terms of the bag that you saw [Appellant] carrying, had that been in your apartment earlier that day?

A. Yeah. That was holding other like gift wrapping things, and that was all dumped on the floor. So that was easy to notice when I got back, that everything was on the floor and that bag was missing.

N.T. Trial, 5/16/17, at 53.

On cross-examination, defense counsel questioned the victim about her initial statement to officers concerning the bag:

Q. Do you see down in the middle of the page where you were asked, "Can you identify any of the bags that either of the males were carrying out?"

A. Yeah.

Q. And your answer was, "The bag [Appellant] was carrying out looks like the gift bag that is missing from my apartment; it's a brown large gift bag with red strips; I believe it has green accents on it."

So you, at the time, right after this happened when you gave a statement, you thought you saw a bag that looked like something that could've been yours.

A. Yeah.

Q. Today you're sure of it?

A. I mean, you can see it on the video.

*Id.* at 56-57.

Following trial, a jury found Appellant guilty of conspiracy, burglary, and theft by unlawful taking or disposition. On July 20, 2017, the trial court sentenced Appellant to an aggregate term of three and one-half to seven years' imprisonment, followed by five years' probation. Appellant timely filed a post-sentence motion on July 25, 2017, alleging that the court imposed an

excessive sentence. On November 22, 2017, the court entered an order denying Appellant's post-sentence motion by operation of law.

Appellant timely filed a notice of appeal and court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal, challenging the sufficiency of the evidence supporting his convictions.[2] The trial court filed a responsive Pa.R.A.P. 1925(a) opinion, concluding that the Commonwealth provided sufficient evidence to support the convictions beyond a reasonable doubt.

On appeal, Appellant raises three questions, which we have reordered as follows:

> 1. Was not the evidence insufficient to support Appellant's conviction for burglary and conspiracy, insofar as there was insufficient evidence that Appellant did enter the apartment at issue and that he had any intent to commit a crime therein?
>
> [2]. Was not the evidence insufficient to support Appellant's conviction for theft by unlawful taking, insofar as there was insufficient evidence that Appellant took the property of another?
>
> [3]. Was not the evidence insufficient for Appellant's conviction for conspiracy, insofar as there was insufficient evidence that there was any agreement to commit the crime of burglary?

Appellant's Brief at 3.

Appellant's three questions are related, and we address them together. Appellant contends that he did not possess any of the stolen goods when police apprehended him two weeks after the burglary at a location that was nowhere

---

[2] Appellant also raised an allegation of error regarding the Commonwealth's closing argument, but he has abandoned this claim on appeal.

near the crime scene. *Id.* at 12. Appellant notes that the police did not collect physical evidence, including fingerprints or DNA, linking him to the burglarized apartment. *Id.* at 13. Appellant also complains about the Commonwealth's reliance on the surveillance video, because the victim said that the bag Appellant carried in the video merely "looked like" an item from her apartment. *Id.*

Regarding his conspiracy conviction, Appellant asserts that the Commonwealth did not present any evidence demonstrating that he: (1) became an active participant in the criminal enterprise, and (2) possessed knowledge of a conspiratorial agreement. *Id.* at 16. Appellant argues that the evidence established only his mere presence at the scene, which "is insufficiently probative to establish that he was an active partner in the intent of another to commit a crime." *Id.* Absent more, Appellant insists his "conviction[s] stand on guesswork alone." *Id.* at 18.

We apply the following standard when reviewing a sufficiency claim:

Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. **The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence.** Moreover, as an appellate court, we

may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Commonwealth v. Palmer*, 192 A.3d 85, 89 (Pa. Super. 2018) (emphasis added) (citation and brackets omitted).

The Crimes Code defines the offense of burglary as follows:

(a) Offense defined.—A person commits the offense of burglary if, with the intent to commit a crime therein, the person:

\* \* \*

(2) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense no person is present[.]

18 Pa.C.S. § 3502(a)(2).

The Crimes Code defines the offense of criminal conspiracy as follows:

**§ 903. Criminal conspiracy**

**(a) Definition of conspiracy.—**A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S. § 903(a).

"To sustain a conviction for criminal conspiracy, the Commonwealth must establish that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared

- 6 -

criminal intent and (3) an overt act was done in furtherance of the conspiracy."

***Commonwealth v. Melvin***, 103 A.3d 1, 42 (Pa. Super. 2014) (citation omitted).

> The essence of a criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal objective be accomplished. Therefore, a conviction for conspiracy requires proof of the existence of a shared criminal intent. **An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities.** Thus, a conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation. The conduct of the parties and the circumstances surrounding their conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt.

***Id.*** at 42-43 (emphasis added) (citation omitted).

"Once the trier of fact finds that there was an agreement and the defendant intentionally entered into the agreement, that defendant may be liable for the overt acts committed in furtherance of the conspiracy regardless of which co-conspirator committed the act." ***Commonwealth v. Barnes***, 871 A.2d 812, 820 (Pa. Super. 2005) (citation omitted).

To sustain a conviction for theft by unlawful taking or disposition, the Commonwealth must prove that a person "unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive [her] thereof." 18 Pa.C.S. § 3921(a).

Instantly, multiple pieces of circumstantial evidence combined to demonstrate that Appellant committed the crimes at issue. Specifically, the

surveillance video showed Appellant and a cohort entering the victim's apartment building empty-handed on the day of the burglary. Approximately twenty minutes later, when the men exited the building, Appellant was carrying the victim's bag. That same day, when the victim returned home after work, she found that someone had damaged her front door and ransacked her apartment. In addition to jewelry and a laptop, the victim was also missing a distinctive bag that she used to store gift wrapping materials.

We emphasize that Appellant's argument does not accurately characterize the victim's identification of her bag. Although Appellant focuses on the victim's pretrial statement to police that the bag Appellant carried in the surveillance video "looked like" one that she owned, he ignores the victim's unequivocal identification of the bag at trial. **See** N.T. Trial at 53. To the extent Appellant also complains about the lack of physical evidence linking him to the victim's apartment, the Commonwealth may sustain its burden of proving every element of the crimes by means of wholly circumstantial evidence. **See Palmer**, 192 A.3d at 89; **accord Commonwealth v. Hardcastle**, 546 A.2d 1101, 1109 (Pa. 1988) (explaining that the victim's front door was closed and locked when the defendant was first seen nearby; later, the door had been forced open and the defendant was still in the immediate vicinity; the evidence of forced entry combined with evidence of the crimes committed inside the home supported the defendant's burglary conviction).

Regarding the conspiracy conviction, the trial court properly analyzed the web of evidence linking Appellant and his co-conspirator:

> Both [Appellant] and the male seen in the video with him entered the building together empty-handed and shortly thereafter were observed leaving the building carrying bags[, at least one of which] belonged to the complainant . . . and which ostensibly were filled with the complainant's belongings. Given these overt actions and the fact that they were committed together by [Appellant] and the male with him, it is clear that they were acting in concert and that they were doing so pursuant to an agreement between them.

*See* Trial Ct. Op. at 6. Here, the parties' conduct sufficiently demonstrated the formation of a criminal confederation. *See Melvin*, 103 A.3d at 42-43; *accord Commonwealth v. Tillery*, 611 A.2d 1245, 1248 (Pa. Super. 1992) (holding that sufficient evidence supported the defendant's conviction for conspiracy to commit retail theft where the defendant and his nephew acted in concert, the defendant had knowledge of the commission of the crime, the defendant was present at the scene, and he participated in his nephew's actions by driving the getaway car).

In sum, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, Appellant's sufficiency challenges fail. *See Palmer*, 192 A.3d at 89; 18 Pa.C.S. §§ 903, 3502(a)(2), 3921. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/29/19