**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**Thomas BROWN, Appellee.**

Superior Court of Pennsylvania.

Argued April 15, 2008.

Filed June 30, 2008.

Reargument Denied Sept. 2, 2008.

Priya M. Travagsos, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Mark Cichowicz, Public Defender, Philadelphia, for appellee.

BEFORE: STEVENS, KLEIN and POPOVICH, JJ.

OPINION BY KLEIN, J.:

¶ 1 The Commonwealth appeals from the order of the respected trial judge, the

Honorable Harold M. Kane, granting a motion to suppress evidence.[1] We affirm.

¶ 2 Following a tip from an informant that a white male named "Tom" would be at Grant and Academy Streets in Philadelphia between 3:30 and 5:30 p.m. to distribute drugs, the officers went to that location. Thomas Brown arrived, left his car empty-handed, returned with a brown paper bag and drove away. As the officers stopped him, they found a bottle of pills in the front seat and, after obtaining a search warrant, they found more pills and a gun in the trunk, and a tally book in the glove compartment.

¶ 3 There is no showing that the informant was reliable or how he got his information; although Brown did show up at a busy intersection during a busy time of day, merely getting a paper bag is not enough to raise suspicion. The trial judge, therefore, was within his discretion in finding that there was no reasonable suspicion to stop the car.

¶ 4 The Commonwealth waived its present claim that Brown did not have a possessory interest in the car to object to the search. The Commonwealth's Pa.R.A.P. 1925(b) statement claimed lower court error in suppressing the drugs "... on the ground that the police did not have reasonable suspicion for the initial stop of his car." (Commonwealth's Rule 1925(b) Statement, 4/11/07, at 2.) Lack of a possessory interest is *not* "subsumed therein," and thus the trial court was not alerted to this issue and therefore did not discuss it in the 1925(a) opinion. *See Common-*

---

1. "Our standard of review when the Commonwealth appeals from a suppression order is to consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. As long as there is some evidence to support them, we are bound by the suppression court's findings of fact. Most importantly, we are not at liberty to reject a finding of fact which is based on credibility." *Commonwealth v. Lehman*, 857 A.2d 686 (Pa.Super.2004) (citations omitted).

*wealth v. Reeves,* 907 A.2d 1 (Pa.Super.2006).

¶ 5 A full discussion follows.

## 1. The issue that Brown did not have a possessory interest in the car.

### (a) This issue was waived because it was not in the Rule 1925(b) statement.

 ¶ 6 It is not disputed that issues not in the 1925(b) statement are waived, *see Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998); however, the Commonwealth states that this general rule does not apply where they filed a statement on their own without a request by the Court. This is incorrect. We held, in *Commonwealth v. Nobles,* 941 A.2d 50 (Pa.Super.2008), that once a party files a Rule 1925(b) statement the need for the court to request one is moot.

> To sustain the Commonwealth's objection would encourage "sand bagging" by counsel if they are allowed to quickly file a Rule 1925(b) statement and then claim that nothing is waived because the Rule 1925(b) statement was not in response to a formal request. In *Commonwealth v. Snyder,* 870 A.2d 336 (Pa.Super.2005) this Court explained:

> > It is of no moment that appellant was not ordered to file a 1925(b) statement. Appellant filed his statement contemporaneously with his notice of appeal. Accordingly, there was no need for the trial court to order him to file a 1925(b) statement. If we

were to find that because he was not ordered to file a 1925(b) statement, he has not waived the issues he neglected to raise in it, we would, in effect, be allowing appellant to circumvent the requirements of the Rule. In so holding, we are also mindful of the purpose of Rule 1925.

*Id.* at 52.

 ¶ 7 The Commonwealth also claims that the recently amended Rule 1925(b) applies, which contains the language that subsidiary issues are contained, allows them to present this issue on appeal.[2] The appeal in this case was filed on April 11, 2007, and the Commonwealth's filed a Rule 1925(b) statement on the same date, without an order to do so. The new 1925(b) rule did not go into effect until July 25, 2007. In this case, as both the appeal and the 1925(b) statement were filed while the old rule was in effect, the old rule applies.[3] "[A] statute is not regarded as operating retroactively because of the mere fact that it relates to antecedent events, or draws upon antecedent facts for its operation." *Bethea v. Philadelphia AFL–CIO Hosp. Ass'n,* 871 A.2d 223, 226 (Pa.Super.2005).

¶ 8 **(b) Brown did have a possessory interest in the car.**

¶ 9 Even if the new rule were applicable, the Commonwealth's new claim on appeal—that Brown did not have a possessory interest in the car—is meritless.

---

**2.** *See* Pa.R.A.P. Rule 1925(b)(4)(v).

**3.** It is not clear what event triggers the application of the new Pa.R.A.P. 1925. Prior cases have discussed the issue, but it has been dicta in those cases. The issue is whether the new rule applies to cases where the *appeal* was filed after the effective date or the *request for the 1925(b) statement* is filed after the effective date or even if the *1925(b) statement* is filed

after the effective date. However, since in this case the appeal and 1925(b) statement were both filed before the effective date of the new rule and there was no request for a 1925(b) statement, no matter what event triggers the new rule, the event occurred before the effective date of the new rule and the old rule applies. .

¶ 10 In this case, what the Commonwealth did not argue may be more significant than what it did argue. Brown was driving the car when he was stopped and the officers relied on information given to them by the informant that he was driving that car in the past. The Commonwealth did not present any information that the car was stolen or that Brown did not have the owner's permission to drive the car. No testimony was offered stating that a check of the license plate number or a check of the owner registry turned up any information that the vehicle was stolen. We have no doubt in our mind that if such information did exist, the Commonwealth would have presented it. Because we find that Brown had 1) driven the car previously and 2) the vehicle had not been reported stolen, the trial judge was certainly justified in concluding that the Commonwealth had no evidence to prove anything other than Brown was authorized to operate the car and therefore had a possessory interest.

**(2) The trial judge did not err in concluding that the police did not have reasonable suspicion to justify the car stop.**

¶ 11 "Reasonable suspicion, like probable cause, is dependent upon both the content of information possessed by police and its degree of reliability." *Commonwealth v. Knotts*, 444 Pa.Super. 60, 663 A.2d 216, 219 (1995). "Both factors—quantity and quality—are considered in the 'totality of the circumstances—the whole picture,' that must be taken into account when evaluating whether there is reasonable suspicion. Thus, if a tip has a relatively low degree of reliability, more information will be required to establish the requisite quantum of suspicion than would be required if the tip were more reliable." *Commonwealth v. Wilson*, 424 Pa.Super. 110, 622 A.2d 293, 296 (1993)

(citations omitted). One way in which an informant's tip establishes probable cause is when a police officer can prove that the informant has provided accurate information of criminal activity in the past. *Commonwealth v. Luv*, 557 Pa. 570, 735 A.2d 87, 90 (1999).

¶ 12 Here, there is no evidence that the "confidential informant" was reliable. This experienced officer only testified that he "used" the informant before. There is no showing that the informant gave any information that was found to be accurate. Any experienced officer knows that he has to present the number of times he used the informant, the number of times he made arrests and found drugs based on his information, the number of convictions as a result, etc. Based on the fact that the officer did not offer any such evidence, it seems clear that the informant was *not* ever found to be reliable.

¶ 13 Thus, any statement by the informant must be considered akin to an anonymous tip, or at most a tip from a named citizen. Therefore, there must be corroboration to provide reasonable suspicion. "The [Supreme] Court explained that in order for an anonymous tip to have sufficient indicia of reliability the tip must exhibit predictive information that can be corroborated by police officers. In the absence of such predictive information, the anonymous tip leaves the police without any means to test the informant's knowledge and thus, cannot provide the officers with reasonable suspicion." *Commonwealth v. Goodwin*, 561 Pa. 346, 750 A.2d 795, 799 n. 5 (2000).

¶ 14 The issue then becomes whether someone who has not been proven to be reliable says that someone is going to drive a car to a certain intersection within a two-hour window of time is, with nothing else, enough to create reasonable suspi-

cion. The trial judge found it was not, and we agree.

 ¶ 15 In *Goodwin, supra,* the Supreme Court reversed the denial of suppression where, as here, an anonymous tipster gave details of a car and said that the owner sold drugs and would be at a certain place at a certain time. The police saw no unusual activity while they watched Goodwin and had no reason, apart from the anonymous tip, to suspect that criminal activity was afoot. Thus, the allegations of criminal conduct furnished by the anonymous tipster remained uncorroborated and the tip was insufficient to provide the basis for an investigatory stop. *Commonwealth v. Goodwin,* 561 Pa. 346, 750 A.2d 795, 799 (2000). Merely identifying where someone will be is not sufficient to create reasonable suspicion for a stop when the source of the information is not reliable and the police have no idea how that source received the information. *See also Commonwealth v. Wimbush,* 561 Pa. 368, 750 A.2d 807 (2000).

¶ 16 *Commonwealth v. Fell,* 901 A.2d 542 (Pa.Super.2006), relied on by the Commonwealth, is readily distinguished from the instant circumstance, and in fact *supports* the trial judge's decision to suppress the evidence. In *Fell,* the police did what they did not do in this case—they corroborated the tip. Additionally, the tip predicted 1) the defendant's actions which would not be ordinarily predicted and 2) a specific location identified, not just an intersection. The officers knew this was a high crime and high drug area, not just a random intersection in Northeast Philadelphia.

¶ 17 It is precisely *because* of the corroboration found by this Court in *Goodwin* and *Wimbush* that the instant case can be distinguished. When the quality of the information is low, the corroboration has to be high. *Fell, supra* at 545. Here, the quality of the information was low—it was *not* from a reliable source and there was no knowledge of how that source got his or her information. Since there was no further corroboration beyond the car being where the informant said it would be in the two-hour window of time, this is not enough. Merely stopping, getting out of a car, and returning with a paper bag, in and of itself, is not illegal and does not corroborate anything.

¶ 18 Order affirmed. Matter remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.