J-S10010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KERRY D. YOUNG, | |
| Appellant | No. 321 EDA 2014 |

Appeal from the Judgment of Sentence November 15, 2013
in the Court of Common Pleas of Monroe County
Criminal Division at No.: CP-45-CR-0000354-2013

BEFORE:  GANTMAN, P.J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                           **FILED MARCH 03, 2015**

Appellant, Kerry D. Young, appeals *pro se*[1] from the judgment of
sentence imposed following his jury conviction of possession with intent to
deliver (PWID) heroin, possession of a controlled substance, and possession

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Tommaso V. Lonardo, Esquire, passed away on October 31, 2014, after
filing Appellant's brief in this matter.  On December 2, 2014, this Court
issued a *per curiam* order directing Appellant to notify the Court whether he
intended to retain new counsel or proceed *pro se*. (**See** *Per Curiam* Order,
12/02/14).  On December 8, 2014, Appellant filed a response in which he
stated that he intends to proceed *pro se* "with the issue[s] my prior attorney
filed."  (Appellant's Correspondence to the Superior Court Eastern District,
12/08/14, at unnumbered page 1).

of drug paraphernalia.[2]  We vacate the judgment of sentence and remand for re-sentencing.

On February 11, 2013, Pennsylvania State Trooper Nicholas Cortes pulled Appellant over on Interstate 80 for driving over the speed limit.  On speaking with Appellant, the Trooper discovered that he was driving a rental automobile.  The rental agreement revealed that Appellant was not an authorized driver, and that the agreement had expired.  The Trooper's search of Appellant in the National Crime Information Center (NCIC) and the criminal background check revealed that Appellant had a criminal history involving narcotics and weapons offenses.  When the Trooper asked Appellant if there were any illegal drugs in the car, Appellant replied that there were not and gave his consent to search.  The search yielded a large amount of heroin, as well as paraphernalia.  Appellant was arrested.

The Commonwealth filed an information against Appellant on March 8, 2013, charging him with PWID, possession of a controlled substance, and possession of drug paraphernalia.  On April 30, 2013, Appellant filed a motion to suppress the evidence seized from the rental vehicle, which the court denied on June 10, 2013 after a hearing and the parties' filing of briefs.  A trial commenced on August 8, 2013, and, on August 9, 2013, the jury convicted Appellant of the above charges.  On August 22, 2013, the

---

[2] 35 P.S. §§ 780-113(a)(30), (a)(16), and (a)(32), respectively.

Commonwealth filed a notice of mandatory sentence pursuant to 18 Pa.C.S.A. § 7508(a)(7)(ii).

On November 15, 2013, the trial court sentenced Appellant to the mandatory minimum sentence of not less than sixty nor more than 120 months' incarceration, plus fines, costs, and fees. On November 25, 2013, Appellant filed a timely post-sentence motion to modify sentence in which he challenged the legality and discretionary aspects of his sentence. On December 16, 2013, Appellant filed an untimely post-sentence motion to vacate his conviction arguing, *inter alia*, that his conviction was against the weight of the evidence.[3] The court denied both motions on December 23, 2013 after a hearing. Appellant timely appealed on January 14, 2014.[4]

Appellant raises three questions for this Court's review:

1. Does the holding in **Alleyne v. U.S.**[, 133 S.Ct. 2151 (2013),] render 18 [Pa.C.S.A.] §[]7508(a)(7)(ii) unconstitutional

---

[3] We note that Appellant failed to include this motion in the certified record provided to this Court. **See Commonwealth v. Lopez**, 57 A.3d 74, 82 (Pa. Super. 2012), *appeal denied*, 62 A.3d 379 (Pa. 2012) ("[I]t is an appellant's duty to ensure that the certified record is complete for purposes of review.") (citation omitted). However, Appellant's failure to ensure that the certified record contains the December 16, 2013, post-sentence motion does not affect our review, and we decline to deem his third issue waived on this basis. Appellant and the trial court agree that the December 16, 2013 post-sentence motion challenged the weight of the evidence. (**See** Trial Court Opinion, 3/25/14, at 4 n.5; Appellant's Brief, at 7).

[4] Appellant filed a timely Rule 1925(b) statement of errors complained of on appeal on March 3, 2014 pursuant to the court's order. **See** Pa.R.A.P. 1925(b). The court filed an opinion on March 25, 2014. **See** Pa.R.A.P. 1925(a).

requiring that the Appellant['s] sentence be vacated and should he be sentenced in accord with the Pennsylvania Sentencing Guidelines?

2. Was the search of [Appellant's] motor vehicle unconstitutional and consent obtained improperly[?]

3. Did the verdict shock the conscience and was it against [the] weight of the evidence?

(Appellant's Brief, at 4).

Appellant's first issue, in which he maintains that the trial court sentenced him pursuant to an unconstitutional statute, (*see id.* at 4, 9-12), challenges the legality of his sentence. Initially, we observe that "[i]ssues relating to the legality of sentence are questions of law, and thus, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Clarke**, 70 A.3d 1281, 1284 (Pa. Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014) (citation omitted).

Section 7508 of the Crimes Code provides, in pertinent part, that:

**(a) General rule.**—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:

\* \* \*

(7) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance or a mixture containing it is heroin shall, upon conviction, be sentenced as set forth in this paragraph:

\* \* \*

(ii) when the aggregate weight of the compound or mixture containing the heroin involved

is at least 5.0 grams but less than 50 grams . . . [and] if at the time of sentencing the defendant has been convicted of another drug trafficking offense: a mandatory minimum term of five years in prison and $30,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity[.]

\* \* \*

**(a.1) Previous conviction.**—For purposes of this section, it shall be deemed that a defendant has been convicted of another drug trafficking offense when the defendant has been convicted of another offense under section 13(a)[(30) (PWID)] . . . whether or not judgment of sentence has been imposed concerning that offense.

**(b) Proof of sentencing.**—Provisions of this section shall not be an element of the crime.  Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing.  The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

18 Pa.C.S.A. § 7508(a)(7)(ii), (a.1), (b).

As recently observed by this Court:

. . . [O]ur *en banc* opinion in **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) and the panel decision in **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014) mandate that we hold 18 Pa.C.S.A. § 7508 unconstitutional in its entirety.  Thus, a mandatory minimum sentence imposed under this statute is illegal.  Specifically, . . . 18 Pa.C.S.A. § 7508 is structured in the same manner as the statutes that were at issue in **Newman** and **Valentine**—and, as was true with the statutes at issue in **Newman** and **Valentine**, one particular subsection of 18 Pa.C.S.A. § 7508 is clearly unconstitutional under **Alleyne v. United States**, --- U.S. ----,

- 5 -

133 S.Ct. 2151 (2013). **See** 18 Pa.C.S.A. § 7508(b). In particular, Section 7508(b) contains the following unconstitutional burdens and procedures: it declares that the substantive, "aggravating facts" contained in Section 7508(a) are "not . . . an element of the crime;" it declares that notice of either the "aggravating facts" or of the applicability of the mandatory minimum sentencing statute is "not . . . required prior to conviction;" it declares that the applicability of the mandatory minimum statute "shall be determined at sentencing;" it declares that the Commonwealth need only prove the "aggravating facts" by a preponderance of the evidence; and, it declares that a judge—and not a jury—is to act as the fact-finder for purposes of determining the "aggravated facts." 18 Pa.C.S.A. § 7508(b). **Alleyne** rendered all of these burdens and procedures unconstitutional.

The Court in [**Commonwealth v.**] **Fennell**[,2014 WL 6505791, at *1-8 (Pa. Super. filed Nov. 21 2014),] concluded that, pursuant to **Newman** and **Valentine**, the unconstitutional portion of 18 Pa.C.S.A. § 7508 is unseverable from the remainder of the statute. Thus, even though Fennell stipulated to the weight of the heroin at issue, the **Fennell** Court held that the trial court erred in imposing the mandatory minimum sentence as Section 7508 is unconstitutional in its entirety. Hence, as the Appellant in the case *sub judice* was sentenced to a mandatory minimum under Section 7508, which has been deemed unconstitutional, we must vacate Appellant's judgment of sentence and remand for resentencing, without consideration of the mandatory minimum sentence.

**Commonwealth v. Vargas**, 2014 WL 7447678, at *17 (Pa. Super. filed Dec. 31, 2014) (*en banc*) (footnotes and some case citations omitted).

Likewise here, Appellant was sentenced to the mandatory minimum term pursuant to section 7508. (**See** Sentencing Order, 11/18/13, at unnumbered page 1). Accordingly, we must conclude that Appellant's sentence is illegal and we therefore "vacate [his] judgment of sentence and

remand for re-sentencing, without consideration of the mandatory minimum sentence." ***Vargas***, ***supra*** at *17.

In Appellant's second issue, he claims that the court's denial of his motion to suppress the evidence seized from the rental vehicle was an abuse of discretion.[5] (***See*** Appellant's Brief, at 4, 12-14). This issue lacks merit.

To have standing to challenge a search, a defendant must have a reasonable expectation of privacy in the area searched. ***See Commonwealth v. Jones***, 874 A.2d 108, 117-18 (Pa. Super. 2005).

> An expectation of privacy is present when the individual, by his conduct, exhibits an actual (subjective) expectation of privacy and that the subjective expectation is one that society is prepared to recognize as reasonable. The constitutional legitimacy of an expectation of privacy is not dependent on the subjective intent of the individual asserting the right but on whether the expectation is reasonable in light of all the surrounding circumstances.

***Id.*** at 118 (citation omitted).

In ***Jones***, a panel of this Court concluded that Jones did not have standing to challenge the search of a rental vehicle he was driving where he was not the named lessee nor an authorized driver, and the rental

---

[5] "Issues raised before or during trial shall be deemed preserved for appeal whether or not the defendant elects to file a post-sentence motion on those issues." Pa.R.Crim.P. 720(B)(1)(c). Because Appellant raised the suppression challenge in a timely pre-trial motion, it is preserved for our review.

agreement had expired. ***See id.*** at 120. In making its decision, the panel observed:

> Instantly, Officer Ulshafer effectuated a routine traffic stop of Appellant's automobile. . . . Officer Ulshafer approached Appellant and requested a driver's license and registration and insurance information. Appellant gave Officer Ulshafer a non-driver identification card from New York. The information on this card could not be verified through a computer check. Further, Appellant gave Officer Ulshafer a rental agreement from Enterprise. An inspection of this agreement revealed that the return date had expired, Appellant was not the named lessee, the named lessee was not in the automobile, and Appellant was not authorized to drive the automobile.

> Appellant and his passengers did not attempt to explain their connection to the authorized lessee of the automobile. Moreover, the passengers made inconsistent statements about various details concerning their out-of-state trip, which prompted Officer Ulshafer to ask Appellant for consent to search the vehicle. On these facts, Appellant cannot claim a reasonable expectation of privacy in the automobile. Further, Appellant's subjective expectation of privacy was not reasonable where he was the operator of a rental car but not the named lessee, was not an authorized driver, the named lessee was not present in the vehicle, Appellant offered no explanation of his connection to the named lessee, and the return date for the rental car had passed.

***Id.*** at 119-20 (case citation omitted).

Likewise, here, when asked for his license, Appellant stated that he did not have any form of identification on him, and later admitted his driver's license had been suspended. (***See*** N.T. Hearing, 5/07/13, at 6, 10). The agreement listed another individual as the renter and did not permit any other drivers. (***See id.*** at 7-8). Pursuant to the agreement, the vehicle was

supposed to be operated in New Jersey only. (***See id.*** at 8). Finally, the agreement had expired. (***See id.*** at 7).

Therefore, consistent with this Court's holding in ***Jones***, we conclude that the trial court properly found that Appellant's subjective expectation of privacy was unreasonable, and that he lacked standing to raise a challenge to the search of the rental vehicle. ***See Jones***, ***supra*** at 118-20.

Moreover, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned June 10, 2013, opinion of the trial court, we conclude that even if Appellant had standing, his argument that the court erred in denying the suppression motion because the officer lacked reasonable suspicion to effectuate the traffic stop and because he did not give voluntary consent for the search would lack merit.[6] (***See*** Appellant's Brief, at 12-13). The trial court opinion aptly disposes of these claims. (***See*** Trial Court Opinion, 6/10/13, at 8-12 (finding that: (1) the investigatory detention of Appellant was supported by reasonable suspicion based on the totality of the circumstances; and (2) Appellant's consent to search the vehicle was knowingly, voluntarily, and intelligently

---

[6] "Our standard of review of a denial of suppression is whether the record supports the trial court's factual findings and whether the legal conclusions drawn therefrom are free from error. . . ." ***Commonwealth v. Galendez***, 27 A.3d 1042, 1045 (Pa. Super. 2011) (*en banc*), *appeal denied*, 40 A.3d 120 (Pa. 2012) (citation omitted).

given)).  Therefore, even if Appellant had standing to challenge the search of the rental vehicle, his second claim would lack merit.

In his third issue, Appellant challenges the weight of the evidence to support his conviction.  (**See** Appellant's Brief, at 4).  This issue is waived.

Pursuant to Rule 607 of the Pennsylvania Rules of Criminal Procedure:

> A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> (1) orally, on the record, at any time before sentencing;
>
> (2) by written motion at any time before sentencing; or
>
> (3) in a post-sentence motion.

Pa.R.Crim.P. 607(A).

Here, our review of the record reveals that Appellant did not make this challenge orally or by a written motion at any time before sentencing. Additionally, although it is undisputed that Appellant raised the weight of the evidence claim in his December 16, 2013 post-sentence motion, (**see** Trial Ct. Op., 3/25/14, at 4 n.5; Appellant's Brief, at 7), this post-sentence motion, filed approximately thirty days after the court imposed Appellant's sentence, was untimely.  **See** Pa.R.Crim.P. 720(A)(1) ("[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence.").  Therefore, the motion is a legal nullity and does not preserve any issue for appeal.  **See Commonwealth v. Wrecks**, 931 A.2d 717, 719 (Pa. Super. 2007) (observing that "[a]n untimely post-sentence motion does not preserve issues for appeal.") (citation omitted); **Commonwealth v.**

- 10 -

***Bilger***, 803 A.2d 199, 202 (Pa. Super. 2002), *appeal denied*, 813 A.2d 835

(Pa. 2002) (recognizing that post-sentence motion filed more than ten days

after sentence imposed is legal nullity). Accordingly, because Appellant

failed to raise his weight of the evidence claim with the trial court as

required by Pennsylvania Rule of Criminal Procedure 607(A), he failed to

preserve his third issue for our review and we deem it waived.

Additionally, this challenge is waived for Appellant's failure to raise it in

his Rule 1925(b) statement. (***See*** Appellant's Rule 1925(b) Statement,

3/03/14, at 1-4).

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte* . . . . We yet again repeat the principle first stated in [***Commonwealth v.***] ***Lord***[, 719 A.2d 306 (Pa. 1998),] that must be applied here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." [***Id.***] at 309.

***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011) (footnote omitted);

***see also*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [Rule

1925(b)] Statement and/or not raised in accordance with the provisions of

this paragraph (b)(4) are waived."); ***Commonwealth v. Johnson***, 51 A.3d

237, 247 (Pa. Super. 2012) (*en banc*), *appeal denied*, 63 A.3d 1245 (Pa. 2013) (finding waiver and declining to review merits of appellant's claim where Rule 1925(b) statement failed to identify specifically how counsel was allegedly ineffective).

Here, Appellant's Rule 1925(b) statement does not raise a weight of the evidence challenge. (**See** Rule 1925(b) Statement, 3/03/14, at unnumbered pages 1-4). Instead, Appellant challenges the **sufficiency** of the evidence to support his conviction. (**See id.** at unnumbered page 3 ¶¶ 9-11). However, sufficiency and weight of the evidence claims raise distinct challenges. **See Commonwealth v. Lyons**, 833 A.2d 245, 258 (Pa. 2003), *appeal denied*, 879 A.2d 782 (Pa. Super. 2005). Therefore, Appellant's third issue is waived on this basis as well, and we decline to review it. **See Hill**, **supra** at 494; **see also** Pa.R.A.P. 1925(b)(4)(vii); **Johnson**, **supra** at 247.

Hence, we vacate Appellant's judgment of sentence and remand for re-sentencing in accordance with this decision. We affirm the trial court in all other respects.

Conviction affirmed. Judgment of sentence vacated and remanded for re-sentencing consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/3/2015

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA     : NO. 354 CR 2013

                         : 
                         :

           vs.                  :

                         :

KERRY D. YOUNG,             :
                **Defendant**        : OMNIBUS MOTION

## O P I N I O N

This case is before the Court on Defendant Kerry D. Young's, (hereinafter "Defendant") Omnibus Motion ("Motion"). The facts of this case and procedural history are as follows:

On February 11, 2013, Defendant was lawfully pulled over on Interstate 80 after Pennsylvania State Trooper, Nicholas Cortes, clocked the Defendant traveling 68/mph in a 55/mph zone. When the Trooper made contact with the Defendant and asked for his license, the Defendant advised him that he did not have any form of identification on him. Instead, the Defendant told the Trooper that his name was "Kerry Dewayne Young"; however, he stated that he was unsure how to spell his middle name. He also stated that his date of birth was July 31, 1981. The Defendant advised the Trooper that the car was a rental and provided him the rental agreement. (**Commonwealth's Exhibit 2**). Upon closer inspection of the rental agreement, the Trooper noticed several discrepancies with it. First, the rental agreement listed an "Ikeem Lawrence" as the renter, not a Kerry D. Young. Second, it did not permit the vehicle to be driven



21

in any other state than the one in which it was rented – New Jersey. Third, the agreement states that the car would be returned by January 31, 2013, rendering the agreement expired on the date of the stop - February 11, 2013. Lastly, the agreement states that "no other drivers are permitted" to drive the vehicle.

The Trooper questioned the Defendant about the rental agreement to which the Defendant replied that it was rented by his brother and that he was returning the car to him in Columbus, Ohio. The Trooper then asked the Defendant where he was coming from to which he replied that he was coming from New York City. When asked for the reason of his trip, the Defendant stated that he was there for the birth of his daughter. The Defendant showed the Trooper his hospital wrist tag dated February 4, 2013. When asked how he got to New York, the Defendant stated that he took a bus from Columbus, Ohio, at the end of January. The Trooper asked the Defendant if the reason he didn't have a drivers license on him was because it was suspended to which the Defendant stated yes.

After receiving this information, the Trooper went back to his marked car and ran the name the Defendant provided him through NCIC and performed a criminal background check. The background check revealed that a Kerry D. Young had a criminal history in both Ohio and New York, involving a narcotics offense in 2002 and a weapons offense. The Trooper went back to the Defendant's vehicle and questioned him regarding the offenses. The Defendant stated that he was only ever arrested for marijuana and denied being charged with any other narcotics or weapons offense. The Trooper then asked if there were any illegal drugs in the vehicle. The Defendant stated that there were no illegal drugs in the vehicle and told the Trooper to "go ahead and search." **Commonwealth's Exhibit 1**. The Trooper then asked the Defendant

if he could search the vehicle and the Defendant told him he could. Then, the Trooper handed the Defendant the waiver form and the Defendant signed it. After receiving consent, a K-9 unit and additional Troopers arrived at the scene to search Defendant's vehicle. The search yielded a large amount of heroin in the trunk as well as paraphernalia. The Defendant was subsequently arrested.

A criminal information was filed on March 8, 2013, charging the defendant with multiple offenses under the Controlled Substances Act, the most serious being Possession with Intent to Distribute. On February 19, 2013, Defendant waived his preliminary hearing. Defendant filed his Omnibus Motion on April 30, 2013, seeking suppression of any evidence obtained claiming that the search was invalid. If the suppression motion is successful, the Defendant seeks habeas relief and dismissal of all charges. On May 7, 2013, we conducted a hearing on the merits of Defendant's Motion and took the matter under advisement. Both parties were provided time to submit briefs regarding the validity of the consent and the search and both submitted same.

The Defendant argues that he has standing to challenge the validity of the search because he had a reasonable expectation of privacy in the rented vehicle. As such, he argues that any consent he gave was invalid for two reasons. First, his consent was invalid because his detention was not supported by reasonable suspicion. Second, he argues that it was invalid because it was not knowingly, voluntarily, and intelligently given.

Not surprisingly, the Commonwealth argues that the Defendant does not have standing to challenge the search itself because he was not an authorized driver of the vehicle and the rental agreement had expired. Accordingly, it argues that whether the consent was voluntarily given is irrelevant. We agree with the Commonwealth.

3

"In order to challenge the admission of illegally obtained evidence at trial, a defendant must first show that he or she has standing to challenge the search or seizure."[1] To have standing to challenge a search, a defendant must have a reasonable expectation of privacy in the area searched. *Commonwealth v. Jones*, 874 A.2d 108, 117-18 (Pa.Super. 2005).

> An expectation of privacy is present when the individual, by his conduct, exhibits an actual (subjective) expectation of privacy and that the subjective expectation is one that society is prepared to recognize as reasonable. The constitutional legitimacy of an expectation of privacy is not dependent on the subjective intent of the individual asserting the rights but on whether the expectation is reasonable in light of all the surrounding circumstances.

*Jones, supra* at 188; (*Citing, Commonwealth v. Brundidge*, 620 A.2d 1115, 1118 (Pa. 1993)). Generally, a defendant charged with a possessory offense has automatic standing. *Jones, supra,* at 117; (*Citing Commonwealth v. Perea*, 791 A.2d 427 (Pa.Super.2002), *appeal denied,* 568 Pa. 736, 798 A.2d 1288 (2002);*Commonwealth v. Strickland,* 707 A.2d 531 (Pa.Super.1998), *appeal denied,* 556 Pa. 675, 727 A.2d 130 (1998). However, a defendant does not have a reasonable expectation of privacy and thus does not have standing where he is the operator of a rental car in which he is not the named lessee or an authorized driver, and the named lessee is not present in the vehicle. *Jones, supra,* at 120.

In *Jones,* an officer effectuated a traffic stop of the appellant's vehicle. The validity of the initial stop was unchallenged. The officer requested a driver's license, registration, and insurance. The appellant was unable to provide the officer with any of the requested

---

[1] *See generally* 4 W. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 11.3, at 279 (2d ed. 1987) (when motion to suppress made, question arises whether movant is proper person to assert claim of illegality). *See also Rakas v. Illinois*, 439 U.S. 128, 140 (1978) (court must first determine whether search violated protected fourth amendment interest before examining legality of search).

4

documentation and instead, provided a non-driver identification card from New York and a rental agreement. The rental agreement was expired, the named lessee was not the driver, the named lessee was not present in the vehicle, and the rental agreement did not have the appellant as an authorized driver. The issue before the Court was whether the operator of a rented vehicle had standing to challenge the search of the vehicle when he is not an authorized driver and the rental agreement was expired. Case law was silent on the issue so the Court sought guidance from other jurisdictions. It applied the holding and reasoning in *State v. Hill*, 322 Mont. 165, 94 P.3d 752 (2004).

In *Hill*, the Court reasoned that because the defendant was not an authorized driver, he lacked the right to exclude others from the trunk of the car. Such inability to exclude suggested a corresponding lack of subjective expectation of privacy therein. The Court further reasoned that even assuming, arguendo, that the defendant did have an expectation of privacy, said expectation was not reasonable. *Hill, supra* at 172-176, 94 P.3d at 757-59. Accordingly, the Court held that the defendant did not have standing to challenge the search.

In applying the reasoning in *Hill*, the Court in *Jones* held that the defendant did not have a reasonable expectation of privacy in the rental vehicle because he was not the named lessee, the rental agreement had expired, the defendant was not an authorized driver, and the lessee was not in the vehicle. *Jones, supra* at 120. Accordingly, it affirmed the trial court's decision to deny the appellant's motion to suppress.

This case is factually similar to *Jones* and *Hill*. Accordingly, we adopt the reasoning from *Jones* and *Hill* and hold that the Defendant did not have a reasonable expectation

of privacy in the rental vehicle and, therefore, does not have standing to challenge the search of the vehicle.

In this case, the Defendant was not the named lessee of the vehicle or an authorized driver of it, the rental agreement was expired, the named lessee was not in the vehicle, the lease stated that no one other than the lessee is authorized to drive the vehicle, and that it was to be driven only in New Jersey. These facts were significant to the Court's holding in *Jones* and are equally significant to this Court's decision in the case at hand.

Defendant's attempt to factually distinguish *Jones* is unpersuasive. Defendant argues that *Jones* is distinguishable because in *Jones*, the defendant made no attempt to explain his connection with the lessee and, in this case, the Defendant told the Trooper that the lessee was his brother. Also, Defendant argues that *Jones* does not apply because in *Jones*, when the officer was provided the faulty rental agreement, he inquired into the agreement by calling the rental company to ascertain its validity; in this case the Trooper took no such action. While the Defendant may have established a connection to the lessee and the Trooper did not call the rental company, establishing a connection to the lessee and calling the rental company were but two factors of many in the *Jones* Court's decision and we do not find them dispositive.

Additionally, Defendant's argument that he has standing to challenge the search because he had an expectation of privacy in the rental vehicle is equally unpersuasive. Defendant cites *Commonwealth v. Caban*, 60 A.3d 120 (Pa.Super. 2012); *Commonwealth v. Dugan*, 855 A.2d 103 (Pa.Super. 2004); and *Commonwealth v. Brown*, 952 A.2d 1185 (Pa.Super. 2008) as

6

support for his argument. We disagree, however, with Defendant's interpretation of those cases and find all three cases distinguishable from the present case.

In all three cases, the Superior Court held that the Defendant had an expectation of privacy in the vehicle because evidence was presented that the defendants borrowed the vehicle with the consent of the owner. *Caban, supra*, at 126; *Dugan, supra*, at 106; and *Brown, supra*, at 1189. In this case, there is no evidence of record that the Defendant had permission to drive the vehicle. The Defendant's argument that he was an authorized driver because his brother gave him permission is without merit. The brother is not in the position to authorize the Defendant to drive the vehicle because the vehicle did not belong to him. It was a rental vehicle. Only the true owner – the rental company- could authorize the Defendant to drive the vehicle. Additionally, the Defendant is not authorized to drive <u>any</u> vehicle because he does not have a driver's license. The rental agreement itself supports this conclusion. Additional Authorized Drivers is defined under the Terms and Conditions of the rental agreement, Section 1. Definitions (a). as:

> [A]ny individual in addition to the Renter who is permitted by *owner* to operate vehicle. This includes individuals listed on page 1 . . . , and with the permission of the Renter, includes Renter's spouse who meets the minimum rental age and holds a valid license.

**Commonwealth's Exhibit 2**. Accordingly, we do not extend the holdings in *Caban, Dugan*, and *Brown* to this case

Because the defendant did not have a reasonable expectation of privacy in the rental vehicle, he does not have standing to challenge the search of it. Therefore, the search of

7

the vehicle was lawful. Assuming, arguendo, that the Defendant did have an expectation of privacy in the vehicle giving him standing to challenge the search of it, the search was still valid because the consent was knowingly, voluntarily, and intelligently given.

Before we can make a determination on the voluntariness of Defendant's consent, we must first determine if Defendant's detention was lawful. The Defendant argues that his investigatory detention was unlawful because it was not supported by reasonable suspicion. Such unlawful detention Defendant argues invalidated any consent he gave the Trooper.

There are three recognized encounters under search and seizure law between a citizen and a police officer. *Jones, supra*, at 116. They are (1) a mere encounter, (2) an investigative detention, and (3) custodial detention. Each interaction "'requires [a] different level of justification depending upon the nature of the interaction and whether or not the citizen is detained.'" *Id*; (quoting, *Commonwealth v. DeHart*, 745 A.2d 633, 636 (Pa.Super.2000)).

> To determine if an interaction rises to the level of an investigative detention, *i.e.,* a *Terry* stop, the court must examine all the circumstances and determine whether police action would have made a reasonable person believe he was not free to go and was subject to the officer's orders." *Commonwealth v. Stevenson*, 832 A.2d 1123, 1127 (Pa.Super.2003). An investigative detention, . . . constitutes a seizure of a person and thus activates the protections of Article 1, Section 8 of the Pennsylvania Constitution. To institute an investigative detention, an officer must have at least a reasonable suspicion that criminal activity is afoot. Reasonable suspicion requires a finding that based on the available facts, a person of reasonable caution would believe the intrusion was appropriate.

*Id.*

8

There is no question that the Defendant was subjected to an investigatory detention; and was thus seized for purposes of the Fourth Amendment of the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution. The only question is whether his detention was supported by reasonable suspicion. Reasonable suspicion exists if at the time of the detention, the totality of the circumstances indicates that there was a particularized and objective basis for suspecting the detainee of criminal activity. *Id. See also, Commonwealth v. Kemp*, 961 A.2d 1247 (Pa.Super. 2008).

We find that Defendant's continued detention was supported by reasonable suspicion. The surrounding circumstances giving rise to reasonable suspicion include the following: (1) The Defendant did not have a driver's license or any other identification with him. His only means of identifying himself was to provide the Trooper with a name and a birth date. (2) When the defendant told the officer his name, he was unsure how to spell his middle name. (3) Defendant provided the Trooper with a rental agreement that was significantly deficient. It listed a third person as the lessee, not the Defendant. It was expired. It indicated that the vehicle was only to be driven in New Jersey and the Defendant was pulled over in Pennsylvania. Lastly, Defendant stated that he was dropping the vehicle off in Ohio, but the agreement was silent as to whether it was a one-way rental. (4) The Defendant indicated that he was coming from New York City, - a well recognized narcotics transit city after a rather lengthy stay, however, he did not have luggage in the vehicle. (5) When the Trooper ran the name that the Defendant provided, a criminal history came back with a narcotics and a weapons violation. (6) When the Trooper asked the Defendant if he had ever been arrested for narcotics, the Defendant told the Trooper only for marijuana and nothing else; and denied ever being arrested for a weapons violation. (7)

9

The Trooper observed the Defendant acting nervously during the encounter. Lastly, when the Trooper asked the Defendant if the reason he didn't have a license was because it was suspended, the Defendant said yes.

These factors, taken alone, may not justify a seizure; however, viewed together and in conjunction with Trooper Cortes' training and experience with narcotics, provide a particularized and objective basis for suspicion of criminal activity enough to establish reasonable suspicion. *Jones, supra*, at 117; *See also, Commonwealth v. Riley*, 715 A.2d 1131, 1135 (Pa.Super.1998), *appeal denied*, 558 Pa. 617, 737 A.2d 741 (1999). Accordingly, Defendant's detention was lawful. Now, we must determine if Defendant's consent was knowingly, voluntarily, and intelligently given.

To determine whether or not the consent was valid, one must determine if it was voluntarily given. The test for voluntariness is whether or not, under the totality of the circumstances, the consent is the product of essentially free and unconstrained choice, not the result of duress or coercion. *Kemp, supra*, at 1260-61. Factors to be considered include:

> 1) the presence or absence of police excesses; 2) whether there was physical contact; 3) whether police directed the citizen's movements; 4) police demeanor and manner of expression; 5) the location of the interdiction; 6) the content of the questions and statements; 7) the existence and character of the initial investigative detention, including its degree of coerciveness; 8) whether the person has been told that he is free to leave; and 9) whether the citizen has been informed that he is not required to consent to the search.

*Id.* (Citing, *Commonwealth v. Strickler*, 757 A.2d 884 (Pa.2000)).

In running through the factors listed above, we find that Defendant's consent to search the vehicle was not the result of coercion, rather the product of free and unconstrained

choice. In this case, the number of officers present is in dispute. Trooper Cortes testified that at the time consent was given only two troopers were present. It wasn't until after the consent was given that two additional troopers and a K-9 dog arrived at the scene. The Defendant testified that at the time consent was given, there were four troopers and three cars present. We find Trooper Cortes' testimony credible that there was not an excessive number of troopers present when consent was given.

There was no evidence of physical contact between the troopers and the Defendant or that there was any unlawful demeanor or ill expressions made by the troopers. The Defendant was lawfully stopped and the search took place on Interstate 80 during the day. The questions asked were appropriate given the Defendant's responses and the surrounding circumstances of the stop. The Trooper may have directed his movements when he requested the Defendant to stand outside the car; however, we find that such direction was appropriate for several reasons. First, it ensured the safety of the Defendant during his detention as well as the Trooper's. Second, it was necessary to effectuate the search. Third, it was necessary because the Defendant did not have a license and he would not be able to remain in the driver's seat. *Kemp, supra*, at 1261. Lastly, while the Defendant was not told that he was free to leave or that he is not required to give consent, there was no suggestion of coerciveness during the investigation and the absence of informing the Defendant that he is free to leave and to decline to give consent is not dispositive.

Furthermore, the Defendant volunteered a search of the vehicle before ever being asked by the Trooper if he could search the car. After being told that he could search the car, the Trooper asked the Defendant if he could search the car. The Defendant once again said "yes".

11

The Trooper then handed the Defendant a written consent form which the Defendant signed. These facts support our finding that consent was voluntarily given. Accordingly, based upon the totality of the circumstances, the Defendant's consent to search the vehicle appears to be of his own free will.

In conclusion, the Defendant lacks standing to challenge the search of the vehicle because he did not have a reasonable expectation of privacy in the vehicle. Even assuming arguendo, that the Defendant did have standing to challenge the search, his argument that the search was unlawful is without merit. Defendant's detention was lawful because it was supported by reasonable suspicion and thus his consent was not invalidated on those grounds. Lastly, the consent was knowingly, voluntarily, and intelligently given. Accordingly, we enter the following order:

12

**COURT OF COMMON PLEAS OF MONROE COUNTY**
**FORTY-THIRD JUDICIAL DISTRICT**
**COMMONWEALTH OF PENNSYLVANIA**

COMMONWEALTH OF PENNSYLVANIA,　　　　： NO. 354 CR 2013
　　　　　　　　　　　　　　　　　　　　　：
　　　　vs.　　　　　　　　　　　　　　　：
　　　　　　　　　　　　　　　　　　　　　：
KERRY D. YOUNG,　　　　　　　　　　　：
　　　　　　　　　Defendant.　　　　　　： OMNIBUS MOTION

## O R D E R

**AND NOW,** this 7th day of June 2013, after hearing and upon consideration of Defendant's Omnibus Motion, said Motion is **DENIED.**

It is hereby **ORDERED** that the Defendant along with defense counsel and the assistant district attorney assigned to this case must appear for a final status conference and the taking of guilty pleas/ARD on June 26, 2013, at 8:30 a.m. in Courtroom No. 1 of the Monroe County Courthouse, Stroudsburg, Pennsylvania. This is a mandatory appearance.

A guilty plea tendered after June 26, 2013, must be to the Criminal Information.

Jury selection in the above captioned matter shall commence on July 9, 2013, at 8:30 a.m. in Courtroom No. 1 of the Monroe County Courthouse, Stroudsburg, Pennsylvania, and counsel are attached until the matter is concluded.

BY THE COURT:

Margherita Patti Worthington, P.J.

cc: District Attorney – Barbara Fitzgerald, Esq.
　　Defense Attorney- Robert A. Saurman, Esq.
　　MPW2013-053

13