J-S28037-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICIA HALGASH | : | |
| | : | |
| Appellant | : | No. 1617 MDA 2019 |

Appeal from the PCRA Order Entered September 18, 2019
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0004545-2015

BEFORE: BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED OCTOBER 15, 2020**

Patricia Halgash ("Halgash") appeals from the Order denying her first

Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]

We affirm.

The PCRA court summarized the history underlying the instant appeal

as follows:

> On March 13, 2014[,] at 2:15 p.m., [Halgash] met Rob
> Klatter at Tobias Frogg, a bar and restaurant in Lancaster, for an
> "employee review." She stayed there for approximately 3 hours,
> eating and drinking[,] before driving to meet her friend, Stacey
> Gissinger at the Brasserie, a bar and restaurant in East Lampeter
> Township. [Halgash] sat at the bar in the Brasserie for the next
> 3 or so hours[,] during which time she claims she drank 3 beers.
> Her bar receipt, however, show[ed] that she paid for six highly
> alcoholic beers. Shortly before 8:20 p.m.[,] and after the
> consumption of several potent drinks on a now[-]empty stomach,
> [Halgash] left the bar, got behind the wheel of her car, and began
> driving home.

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

A few moments later, on a relatively straight roadway, [Halgash] drifted right and struck a curb, swerved back through her lane and over the center line, and struck a vehicle head-on. [Halgash] testified that her phone vibrated, distracting her[,] and causing the crash. At trial, an expert demonstrated that no incoming, or outgoing messages or notifications had appeared on [Halgash's] phone[,] which would have caused this claimed buzzing….

The driver of the [other] vehicle, Sharon Mulhatten [("Ms. Mulhatten")], was killed as a result of her injuries from the collision. The passenger, Troy Mulhatten, was seriously injured with impairments that persisted even after two years from the date of the collision. Ms. Mulhatten's car left skid marks on the road, indicating [that] she had braked and attempted to swerve to avoid [Halgash's] car. There were no skid marks left by [Halgash's] car.

….

Officers from the East Lampeter Police Department arrived on the scene [at] around 8:30 p.m. Sergeant Randy Shrom [("Sergeant Shrom")] spoke with [Halgash]. [Halgash] told Sergeant Shrom [that] she had been at a friend's house for dinner and had one beer at 5:00 p.m. She also told him that she was not on any medication. Later, [Halgash] admitted to taking a "cocktail of prescription medication," including hydrocodone. … [Halgash] repeatedly complained of knee pain, for which she was eventually transported to the hospital. While in the hospital, [Halgash] again spoke with Sergeant Shrom and, after a reading of a DL-26[b], [Halgash] refused a blood alcohol [content ("BAC")] test….

Trial commenced on July 11, 2016. After a 4-day trial, the jury found [Halgash] guilty of[] Count 1, homicide by vehicle while driving under the influence of alcohol [("DUI")]; Count 2, aggravated assault by vehicle while [DUI]; Count 3, homicide by vehicle; Count 4, aggravated assault by vehicle. [*See* 18 Pa.C.S.A. §§ 3735(a), 3735.1(a), 3732, 3732.1(a). The trial court] sentenced [Halgash] to 4 years to 14½ years [in prison].

[Halgash] filed a timely Notice of Appeal…. The Superior Court affirmed [Halgash's] conviction[ on direct appeal]. [*See*

> ***Commonwealth v. Halgash***, 179 A.3d 531 (Pa. Super. 2017)
> (unpublished memorandum).[2]]   She thereafter filed a timely
> [PCRA] Petition on July 9, 2018.

PCRA Court Opinion, 9/18/19, at 1-4 (footnotes omitted; footnote added).

After a hearing, the PCRA court dismissed Halgash's Petition. Thereafter, Halgash filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Halgash presents the following claims for our review:

I.      At [] Halgash's trial, the Commonwealth elicited evidence regarding her refusal to submit to a warrantless blood draw pursuant to 75 Pa.C.S.[A.] § 1547(e).   Was [Halgash's] conviction in violation of Article One, Section Eight of the Pennsylvania Constitution[,] because it provides greater protection than that afforded by the Federal Constitution?

II.     The trial court gave the jury a verdict slip, which did not accurately reflect either the court's charge or the law regarding homicide by vehicle while [DUI].  The trial court conceded the error and corrected the verdict slip, but issued no further instructions on the subject.  Was [] Halgash's trial counsel ineffective for failing to object to the initial verdict sheet or seek clarifying instructions?

Brief for Appellant at 4.

As our Supreme Court has explained,

[u]pon reviewing an order in a PCRA matter, we must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from

---

[2] Halgash had failed to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.  Consequently, this Court concluded that all issues were waived on appeal.  ***See Halgash***, 179 A.3d 531 (Pa. Super. 2017) (unpublished memorandum at 2).

error. The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party. The PCRA court's credibility determinations, when supported by the record, are binding; however, this court applies a *de novo* standard of review to the PCRA court's legal conclusions. We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief. Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

***Commonwealth v. Montalvo***, 205 A.3d 274, 286 (Pa. 2019).

Under the PCRA, a petitioner is entitled to relief when she demonstrates that the conviction was the result of "[a] violation of the Constitution … which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place[.]" 42 Pa.C.S.A. § 9543(a)(2)(i). In order to establish eligibility for relief under the PCRA, a petitioner must demonstrate that, *inter alia*, the claim has not been waived.[3] ***See*** 42 Pa.C.S.A. § 9543(b)(3).

Halgash first claims that her conviction was the result of the unconstitutional admission of evidence regarding her refusal to take a BAC test. Brief for Appellant at 11. Halgash argues that, at the time of her arrest, Pennsylvania's implied consent law punished a refusal to submit to a warrantless blood draw with criminal and civil penalties. ***Id.*** (citing 75

_____

[3] Under the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b).

- 4 -

Pa.C.S.A. §§ 1547(b), (b.1); 3804(b)(2) (2014) (effective 10/27/14-12/23/18) (providing for increased statutory maximum penalties for refusing to submit to testing); 3804(c) (2012) (effective 7/9/12-7/19/17) (providing for increased mandatory minimum sentences for refusing to submit to a BAC test)). According to Halgash, the United States Supreme Court's decision in **Birchfield v. North Dakota**, 136 S. Ct. 2160 (2016),[4] rendered pertinent parts of Pennsylvania's implied consent law unconstitutional. Brief for Appellant at 14.

In this appeal, Halgash challenges whether, post **Birchfield**, Article I,

---

[4] In **Birchfield**, the United States Supreme Court held that under the Fourth Amendment, "[t]here must be a limit to the consequences to which motorists may be deemed to have consented by virtue of a decision to drive on public roads" and "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." **Birchfield**, 136 S. Ct. at 2185-86.

Section 8 of the Pennsylvania Constitution[5] prohibits the admission of evidence of a driver's refusal to submit to chemical testing as consciousness of guilt. *Id.* at 16. Specifically, Halgash challenges the constitutionality of Motor Vehicle Code section 1547(e), which provides that "the fact that the defendant refused to submit to chemical testing … may be introduced in evidence along with other testimony concerning circumstances of the refusal." 75 Pa.C.S.A. § 1547(e). According to Halgash,

> [u]sing a defendant's refusal as evidence of [her] consciousness of guilt penalizes [her] for exercising [her] right to refuse illegal searches. Pennsylvania's continued allowance of that evidence clashes with its historical elevation of personal privacy rights and established policy.

Brief for Appellant at 16.

Halgash directs our attention to case law holding that the assertion of a constitutional right is inadmissible as evidence of guilt. *Id.* at 16-17 (citing ***Commonwealth v. Welch***, 585 A.2d 517, 519 (Pa. Super. 1991), which stated that "it is philosophically repugnant to the extension of constitutional

---

[5] Article I, Section 8 provides as follows:

> The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

PA. CONST. art. I, § 8.

rights that assertion of that right be somehow used against the individual asserting it"); ***Commonwealth v. Chapman***, 136 A.3d 126, 131 (Pa. 2016) (stating that a defendant's refusal to submit to a warrantless DNA test is inadmissible to show consciousness of guilt). In this appeal, Halgash challenges the "long-standing exception to that general rule[,]" Vehicle Code section 1547(e). Brief for Appellant at 17. Because ***Birchfield*** held that the implied consent warnings are unconstitutionally coercive, Halgash argues, evidence of a refusal resulting from the coercive warning should be deemed inadmissible under the Pennsylvania Constitution. ***Id.*** at 18-19.

Before addressing Halgash's claim, we first must determine whether she has preserved it for our review. In her PCRA Petition, Halgash asserted the following challenge to the constitutionality of Section 1547(e):

> The conviction and imposition of sentence upon Defendant resulted from a violation of the Constitution of the Commonwealth of Pennsylvania[,] or laws of the United States pursuant to Title 42 Pa.C.S.[A.] § 9543(a)(2)(i)[,] as Section 1547(e) of the Vehicle Code, 75 Pa.C.S.[A.] § 1547(e) is violative of Article 1[,] Section 8 of the Pennsylvania Constitution and the Fourth Amendment to the United States Constitution.

PCRA Petition, 7/9/18, at 3. Halgash additionally claimed that her counsel rendered ineffective assistance because counsel

> failed to object to the admission of Defendant's refusal to submit a sample of blood for testing without a search warrant as proof of consciousness of guilt during Defendant's trial[,] as Section 1547(e) of the Vehicle Code, 75 Pa. C.S.[A.] § 1547(e)[,] is violative of Article I[,] Section 8 of the Pennsylvania Constitution and the Fourth Amendment to the United States Constitution.

***Id.*** at 4 (citation to record omitted).

In her brief in support of her PCRA Petition, Halgash challenged the admissibility of refusal evidence based upon **Birchfield** and case law interpreting the Fourth Amendment to the United States Constitution. **See** Brief in Support of PCRA Petition, 3/27/19, at 3-6. Developing her Fourth Amendment argument, Halgash asserted that this Court erred in deciding **Commonwealth v. Bell**, 167 A.3d 744 (Pa. Super. 2017):

> The Superior Court in **Bell** relies upon **Birchfield**'s statement that "nothing we say here should be read to cast doubt" on the "general concept of implied-consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply." **Birchfield**, 136 S. Ct. at 2185. The introduction of the refusal, however, results in a penalty which is evidentiary in nature. **Further, it is submitted that an independent right under Article I**[,] **Section 8 of the Pennsylvania Constitution exists, despite the implied consent statute to refuse to consent to a warrantless seizure of blood even upon a probable cause arrest for** [**DUI**].
>
> Finally, the state may not penalize the right to refuse a blood draw by using evidence of consciousness of guilt in a criminal case. In **Commonwealth v. Chapman**, 136 A.3d 126 (Pa. 2016), this Court held that a defendant's refusal to consent to a warrantless search of his blood for DNA purposes was not admissible to prove consciousness of guilt. The Court held that admission of evidence of refusal to consent burdened an accused's right to refuse consent. Now that the Supreme Court has held that a warrant is required for the seizure of blood in a DUI case without consent, the Superior Court has erred in determining that [Halgash] did not have a constitutional right under the Fourth Amendment to the United States Constitution and under Article I, [S]ection 8 of the Pennsylvania Constitution and that the use of such evidence at trial unlawfully burdens the Defendant's right to refuse to consent.

*Id.* at 5-6 (citation and footnote omitted, emphasis added). Halgash presented no separate argument supporting her claim that Section 1547(e) violates Article I, Section 8 of the Pennsylvania Constitution.

Halgash acknowledged that the issue was, at that time, pending before the Pennsylvania Supreme Court. Brief in Support of PCRA Petition, 3/27/19, at 4. Subsequently, the Pennsylvania Supreme Court issued its decision in *Commonwealth v. Bell*, 211 A.3d 761 (Pa. 2019). Affirming this Court, the Pennsylvania Supreme Court held that, under the Fourth Amendment to the United States Constitution, Section 1547(e)'s evidentiary consequence "for refusing to submit to a warrantless blood test — the admission of that refusal at a subsequent trial for DUI — remains constitutionally permissible post-*Birchfield*." *Id.* at 769. The Supreme Court deemed the appellant's challenge to the constitutionality of Section 1547(e), under Article I, Section 8 of the Pennsylvania Constitution, waived. *Id.* at 768.

Thus, before the PCRA court, Halgash challenged the admission of evidence regarding her refusal to submit to a BAC test, focusing on the Fourth Amendment to the United States Constitution. Halgash did not develop a separate challenge to Section 1547(e) under Article I, Section 8 of the Pennsylvania Constitution. Halgash presented her current Article I, Section 8 argument for the first time on appeal to this Court, following our Supreme Court's decision in *Bell*. As our Supreme Court has explained, "it is both important and necessary that we undertake an independent analysis of the

Pennsylvania Constitution, each time a provision of that fundamental document is implicated[.]" ***Commonwealth v. Edmunds***, 586 A.2d 887, 894-95 (Pa. 1991). "For this reason, in particular, those litigants wishing to advance lines of departure, under Article I, Section 8, from Fourth Amendment doctrine, must bring the matter into sharp focus in their advocacy." ***Commonwealth v. Au***, 42 A.3d 1002, 1009 (Pa. 2012).

Because Halgash did not present her present constitutional argument under Article I, Section 8 before the PCRA court, we deem that claim to be waived.[6, 7] **See** Pa.R.A.P. 302(a) (stating that a claim cannot be raised for the first time on appeal); ***see also*** 42 Pa.C.S.A. 9545(b)(3); ***Bell***, 211 A.3d 761, 769 (Pa. 2019) (wherein the Pennsylvania Supreme Court deemed a challenge to the constitutionality of Section 1547(a), under the Pennsylvania Constitution, to be waived because, in raising the claim before the trial court,

---

[6] Even if Halgash had preserved her present claim, we would conclude that it lacks merit. "[W]e are to construe the Pennsylvania Constitution as providing greater rights to its citizens than the federal constitution '*only where there is a compelling reason to do so*.'" ***Commonwealth v. Crouse***, 729 A.2d 588, 596 (Pa. Super. 1999) (emphasis added) (quoting ***Commonwealth v. Gray***, 503 A.2d 921, 926 (Pa. 1985)). Halgash has failed to establish compelling reasons why the additional privacy protections afforded by Article I, Section 8 are served by diverging from Fourth Amendment jurisprudence, as applied in ***Bell***. ***See Bell***, 211 A.3d 769-76 (analyzing applicable law and finding "ample support to conclude the [United States Supreme] Court would approve this particular evidentiary consequence [provided for in section 1547(e)] in the context of a Fourth Amendment challenge.").

[7] Additionally, in this appeal, Halgash failed to challenge the PCRA court's rejection of her claim of ineffective assistance of counsel, based upon the failure to raise this claim before the trial court.

the appellant failed "to develop an argument that the Pennsylvania Constitution provided any independent grounds for relief.").

Halgash next claims that her trial counsel rendered ineffective assistance by not objecting to the trial court's initial verdict slip, which was inconsistent with its jury charge. Brief for Appellant at 23. Halgash acknowledges that, upon being told of this error by the Commonwealth, the trial court corrected the jury verdict slip. *Id.* at 24-25. On this basis, Halgash asserts that the issue has arguable merit, and counsel had no reasonable basis for failing to object to the verdict slip. *Id.* at 25-26. Halgash argues that she suffered prejudice caused by counsel's omission, as "[t]he jury was so confused that they sent two questions about it." *Id.* at 26. Halgash further claims that the amended verdict slip did not alleviate the jury's confusion. *Id.* Consequently, Halgash argues that her counsel rendered ineffective assistance by not requesting an additional instruction to alleviate the jury's confusion. *Id.* at 26-27.

Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [the] appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010).

> To satisfy this burden, an appellant must plead and prove by a preponderance of the evidence that[] "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Fulton*, [] 830 A.2d 567, 572 (2003). Failure to satisfy any prong

of the test will result in rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, [] 811 A.2d 994, 1002 (2002).

***Commonwealth v. Holt***, 175 A.3d 1014, 1018 (Pa. Super. 2017).

In its Opinion, the PCRA court addressed Halgash's claim as follows:

The mistake in the original verdict slip was the order in which the charges were placed, appearing as if the jury should determine [Halgash's] guilt on [h]omicide by [v]ehicle while DUI before determining guilt as to DUI. However, [the trial court's] instructions given on this were perfectly clear. [The court] outlined the elements of each charge twice[,] stating specifically: "In order to convict [Halgash] of homicide by vehicle while driving under the influence, you must find … that [Halgash] caused the death of [Ms.] Mulhatten **as a result of her driving under the influence**[,] as defined by either or both of the terms that I just outline[d] for you." [N.T., 7/14/16,] at 524 (emphasis added). Prior to this instruction, [the trial court] had defined driving under the influence and given the jury all [of] the elements of that crime. While the verdict slip may have been ordered incorrectly, the instructions given to the jury were proper. It is presumed that the jury followed the verbal instructions that were given.[8] As there is no merit to the underlying claim, [Halgash] cannot prove prejudice by [t]rial [c]ounsel's failure to object to the charge on the original verdict slip. The [trial c]ourt provided the jury with the proper verdict slip, with the charges correctly ordered, and it was using that corrected slip that [Halgash] was found guilty.

[Halgash] also claim[s] [that t]rial [c]ounsel was ineffective for failing to object when no verbal explanation was provided along with the new verdict slip. While [the trial court] did not re-explain each element of all the charges, [the court] reminded the jury to follow [its] prior verbal instructions when they were provided [with] the new verdict slip. [***See*** N.T., 542-43.] As they are assumed to have followed [the trial court's] verbal instructions, [Halgash's] claim does not have merit.

_____

[8] ***See Commonwealth v. Chmiel***, 30 A.3d 1111, 1184 (Pa. 2011) (stating, "[t]he law presumes that the jury will follow the instructions of the court.").

PCRA Court Opinion, 9/18/19, at 9 (some citations added). We agree with the reasoning and conclusion reached by the PCRA court, as set forth above, and affirm on this basis. Accordingly, we affirm the Order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2020